IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **NewCrop, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:14-cv-00539 |
| | § | |
| **Presqriber, LLC** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## PLAINTIFF NEWCROP, LLC'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, NewCrop, LLC ("NewCrop"), and files this its Original Complaint ("Complaint") against Defendant Presqriber, LLC, ("Defendant") and in support thereof shows as follows:

### NATURE OF ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code.

2. Defendant has asserted rights under U.S. Patent No. 5,758,095 (hereinafter "the 095 patent") based on certain ongoing activity by numerous defendants. Specifically, on May 8, 2014, Defendant filed 26 complaints for patent infringement in the Eastern District of Texas, Tyler Division, each asserting infringement of the 095 patent, specifically claims 1, 13, 14, and 15. NewCrop is not named in any of those suits, but several entities that use NewCrop's systems and services under license agreements, have been named as defendants. To date, two of these entities have already requested indemnity from NewCrop, based upon indemnity provisions in the Independent Associate Agreements they have with NewCrop. Additionally, upon information and

1

belief, Presqriber LLC's material misrepresentations regarding its right to assert claims regarding the 095 patent have forced NewCrop to undertake extensive efforts to assess its liability (if any) without the concurrent ability to resolve any dispute by way of an unclouded license to the 095 patent.  NewCrop thus seeks a declaration that it does not infringe the 095 patent, and/or that the 095 patent is invalid.

## PARTIES

3. Plaintiff NewCrop, LLC is a Texas limited liability company with its principal place of business in Houston, Texas.

4. Defendant Presqriber, LLC ("Presqriber") is a Texas limited liability company with its principal place of business in Tyler, Texas.  Presqriber may be served with citation through its registered agent, Legalinc Corporate Services Inc. 1601 Welch Street, Suite B, Houston, TX  77006.  Service is hereby requested.

## JURISDICTION AND VENUE

5. This is a civil action regarding Defendant Presqriber's patent misuse, allegations of patent infringement and patent invalidity arising under the patent laws of the United States, Title 35 of the United States Code, in which NewCrop seeks declaratory relief under the Declaratory Judgment Act.  Thus the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1338, 2201, and 2202.

6. And actual, justiciable controversy exists between NewCrop (on the one hand) and Defendant Presqriber, LLC (on the other) by virtue of Presqriber's allegation that it is the assignee of the 095 patent, and that NewCrop's licensees infringe on one or more claims of the 095 patent.  At least two of these licensees have already requested indemnity from NewCrop based on Presqriber's claims.  NewCrop contends that NewCrop has a right to make and sell its software,

systems, and technology, including those incorporated in its products, without license from Presqriber, and that a license from Presqriber is similarly unnecessary for NewCrop's licensees.

7. The Court has personal jurisdiction over Presqriber, LLC because it is a Texas limited liability company with its principal place of business in Tyler, Texas.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9. On May 8, 2014, Defendant filed 26 Complaints alleging infringement of the 095 patent. Defendant asserts that is the owner of the patent by assignment. The 095 patent was filed February 24, 1995, and was issued May 26, 1998. A true and correct copy of the 095 patent is attached to this Complaint as Exhibit A.

10. On or about May 27, 2014, NewCrop became aware that 26 Complaints had been filed, and that some of NewCrop's licensees were named as Defendants.

11. NewCrop and its software and services do not infringe on the 095 patent. Additionally or in the alternative, the 095 patent is invalid.

## COUNT 1—DECLARATORY RELIEVE REGARDING NONINFRINGEMENT OF THE 095 PATENT

12. NewCrop restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. An actual and justiciable controversy exists between NewCrop and Defendant regarding noninfringement of the 095 patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, NewCrop requests that this Court enter a judgment that NewCrop does not infringe, under any theory of infringement, any valid claim of the 095 patent.

## COUNT II—DECLARATORY RELIEF REGARDING INVALIDITY OF THE 095 PATENT

14. NewCrop restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Upon information and belief, Defendant asserts that the 095 patent is valid. The claims of the 095 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§101, 102, 103 and/or 112.  More specifically, the 095 patent is invalid under 35 U.S.C. §101 because it does nothing more than describe a well-known, abstract idea (e.g. looking up a patient by last name, or prescribing medication to a patient), and is wholly inoperative, and therefore lacking utility.  The 095 patent is invalid under 35 U.S.C. §102 and/or §103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination anticipate or render obvious the asserted claims of the 095 patent:

> Edelson, et al., U.S. Patent No. 5,737,539, Prescription Creation System, Filed October 28, 1994; Granted April 7, 1998.
>
> Overhage, et al. Design and Implementation of the Indianapolis Network for Patient Care and Research, Bull Med Lib Assoc 83(1) January 1995
>
> Wong, Tin Wai, A Medication Ordering Knowledge Acquisition and Management Tool, Master's Thesis, University of Utah, Department of Medical Informatics, June 1989.
>
> Halvorson, U.S. Patent No. 4847764, System for Dispensing Drugs in Healthcare Institutions, Filed May 21, 1987; Granted July 11, 1989.
>
> Ryan, Computer Prescribing, J R Coll Gen Pract. June 1989 39(323): 259.
>
> Booth, Influence of computer software on prescribing habits in general practice, J R Coll Gen Pract. Feb 1989; 39(319): 80.

NewCrop reserves the right to disclose to Defendant additional relevant prior art as may be uncovered as this case proceeds, without necessitating further amendment of this claim.

16. Finally, one or more of the claims of the 095 patent are invalid under 35 U.S.C. §112 at least because each includes indefinite improper antecedent basis.  For this and other reasons to be proven at trial, one or more claims of the 095 patent are invalid as indefinite and for failure to meet the written description and/or enablement requirements of 35 U.S.C. 112.

17. As set forth above, an actual and justiciable controversy exists between NewCrop and Defendant as to whether the claims of the 095 patent are invalid.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, NewCrop requests that this Court enter a judgment that the claims of the 095 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§101, 102, 103, and/or 112.

**COUNT III—DECLARATION THAT THE 095 PATENT IS UNENFORCEABLE DUE TO LACHES**

19. NewCrop restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. The 095 patent was granted May 26, 1998 and, upon information and belief, has never been litigated.  Indeed, for more than six years, NewCrop and/or its licensees, as well as their competitors, have sold, marketed, or publically and conspicuously used their software, systems and technology, yet the USPTO has no record of any litigation matter related to the 095 patent.  Thus, there arises a presumption that Defendant's delay in attempting to enforce the 095 patent is unreasonable, inexcusable, and prejudicial.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, NewCrop requests that this Court enter a judgment that declares that the 095 patent is unenforceable due to laches, because Presqriber and/or the prior holders of the patent delayed filing suit an unreasonable and inexcusable length of time after they knew or reasonably should have known of its claims and the delay resulted in material prejudice or injury.

### INJUNCTIVE RELIEF REGARDING ENFORCEMENT OF THE 095 PATENT

22. NewCrop restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. NewCrop requests injunctive relief preventing Defendant from further attempting to enforce the 095 patent against NewCrop or its licensees.

### ATTORNEYS FEES

24. NewCrop contends that this case is exceptional and, therefore, it is entitled to recover its attorneys' fees pursuant to 35 U.S.C §285.

### COUNTS RAISED IN THE ALTERNATIVE

25. To the extent inconsistent, NewCrop's counts and claims asserted herein, are pled in the alternative.

### PRAYER FOR RELIEF

WHEREFORE, NewCrop prays for judgment against Presqriber LLC as follows:

1. Declaratory relief in favor of NewCrop as set forth in its claims herein, specifically (and pled in the alternative):

    a. A declaration that NewCrop does not infringe on the 095 patent or any valid patent;

    b. A declaration that the 095 patent is invalid; and

    c. A declaration that the 095 patent is unenforceable due to laches;

2. Injunctive relief preventing Presqriber, LLC from further attempting to enforce the 095 patent against NewCrop or its licensees;

3. For costs of suit incurred herein;

4. For an award of attorneys' fees and litigation expenses to the maximum extent permitted by law; and

5. For such other and further relief as the Court may deem just and proper.

    Respectfully submitted,
    **KERR, HENDERSHOT & CANNON, P.C.**


    /s/ Simon W. Hendershot
    SIMON W. HENDERSHOT, III
    **Lead Attorney**
    SBN: 09417200
    SDBN: 8792
    trey@k-hpc.com
    CHRISTY L. MARTIN
    SBN: 24041336
    SDBN: 754168
    cmartin@k-hpc.com
    1800 Bering Drive, Suite 600
    Houston, Texas 77057
    Telephone:  (713) 783-3110
    Facsimile:  (713) 783-2809

    **ATTORNEYS FOR PLAINTIFF,
    NEWCROP LLC**