IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**NEWCROP, LLC,**

                       Plaintiff,

v.

**PRESQRIBER, LLC,**

                       Defendant.

Case No. 6:14-cv-539

### PRESQRIBER, LLC'S ANSWER AND DEFENSES TO ORIGINAL COMPLAINT

Presqriber, LLC ("Defendant" or "Presqriber") provides this Answer and Defenses in response to the allegations and claims of Plaintiff NewCrop, LLC's ("Plaintiff" or "NewCrop") Original Complaint. Any allegation not expressly admitted herein is denied.

### A. ANSWER

### NATURE OF ACTION

1. Paragraph 1 of the Complaint consists of legal assertions to which no response is required.

2. Presqriber admits that it filed 26 complaints for patent infringement in the Eastern District of Texas, Tyler Division, asserting infringement of U.S. Patent No. 5,758,095 (hereinafter "the '095 patent"), on or about May 8, 2014. Presqriber admits that NewCrop was not named in any of those suits. Presqriber lacks sufficient knowledge of NewCrop's allegations that "several entities that use NewCrop's systems and services under license agreements, have been named as defendants" in those suits and therefore denies them on that basis. Presqriber lacks sufficient knowledge of NewCrop's allegations that certain defendants in the above referenced cases have requested indemnification from NewCrop with regard to the '095 patent and therefore denies them on that basis. Presqriber denies all other allegations in paragraph 2 of

NewCrop's Complaint and denies that NewCrop is entitled to any declaration as requested in its Complaint.

## PARTIES

3. Presqriber lacks sufficient knowledge of the allegations in Paragraph 3 of the Complaint.

4. Presqriber admits that it is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

## JURISDICTION AND VENUE

5. Presqriber admits solely that New Crop purports to assert a civil action and seeks declaratory relief; otherwise, denied.

6. Presqriber lacks sufficient knowledge of the allegations in Paragraph 6 of the Complaint and denies them on that basis.

7. Presqriber admits that the Court has personal jurisdiction over Presqriber; otherwise, denied.

8. Presqriber admits that venue is proper in this District in cases involving Presqriber as a defendant; otherwise, denied.

## FACTUAL BACKGROUND

9. Presqriber admits the allegations in paragraph 9 of the Complaint.

10. Presqriber lacks sufficient knowledge regarding the allegations in Paragraph 10 of the Complaint.

11. Presqriber denies the allegations of Paragraph 11 of the Complaint.

### COUNT 1—DECLARATORY RELIEVE REGARDING NONINFRINGEMENT OF THE '095 PATENT

12. Presqriber restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Presqriber admits solely that NewCrop purports to request a declaratory judgment; otherwise denied.

### COUNT II—DECLARATORY RELIEF REGARDING INVALIDITY OF THE '095 PATENT

14. Presqriber restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Presqriber admits that the '095 patent is valid; otherwise, denied.

16. Presqriber denies the allegations of Paragraph 16 of the Complaint.

17. Presqriber denies the allegations of Paragraph 17 of the Complaint.

18. Presqriber admits solely that NewCrop purports to request a declaratory judgment; otherwise denied.

### COUNT III—DECLARATION THAT THE '095 PATENT IS UNENFORCEABLE DUE TO LACHES

19. Presqriber restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Presqriber admits the '095 patent was granted on May 26, 1998; otherwise, denied.

21. Presqriber admits solely that NewCrop purports to request a declaratory judgment; otherwise denied.

**INJUNCTIVE RELIEF REGARDING ENFORCEMENT OF THE '095 PATENT**

22. Presqriber restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Presqriber denies that the Plaintiff is entitled to any relief requested in paragraph 23 of the Complaint.

**ATTORNEYS FEES**

24. Presqriber denies that Plaintiff is entitled to recover attorneys' fees.

**COUNTS RAISED IN THE ALTERNATIVE**

25. To the extent a response is required, Presqriber denies the allegations of Paragraph 25 of the Complaint.

**ANSWER TO PRAYER FOR RELIEF**

Presqriber denies that NewCrop is entitled to relief of any kind sought in its Complaint.

**B. DEFENSES**

26. NewCrop's Complaint fails to state a claim upon which relief may be granted.

27. The Court lacks subject matter jurisdiction over all claims that NewCrop has purported to set forth in its Complaint.

28. NewCrop lacks standing to assert the claims set forth in its Complaint.

**JURY TRIAL DEMAND**

Presqriber, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

WHEREFORE, Presqriber prays for the relief set forth in its Answer and Defenses above and requests that all relief requested by NewCrop be denied, and respectfully requests that judgment be entered accordingly.

Dated: July 15, 2014                                 Respectfully submitted,

                                              */s/ Craig Tadlock*
                                              Craig Tadlock
                                              State Bar No. 00791766
                                              John J. Harvey, Jr.
                                              State Bar No. 09179770
                                              Keith Smiley
                                              State Bar No. 24067869
                                              **TADLOCK LAW FIRM PLLC**
                                              2701 Dallas Parkway, Suite 360
                                              Plano, Texas 75093
                                              903-730-6789
                                              craig@tadlocklawfirm.com
                                              john@tadlocklawfirm.com
                                              keith@tadlocklawfirm.com

                                              ***Attorneys for Defendant Presqriber, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of July, 2014.

                                              /s/ *Craig Tadlock*
                                              Craig Tadlock